O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3882 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

　　Defendants have moved to dismiss the Second Amended Complaint ("SAC"). Plaintiffs have moved for leave to file a Third Amended Complaint ("TAC"). On March 23, 2009, this Court vacated the motion to dismiss, which was fully briefed, and explained that it would address the motion to dismiss in *Zack Miller v. Vanguard Car Rental USA, Inc., et al.*, CV 08-3874 and the ruling likely would be the basis for the ruling in this and the other related car insurance cases.

　　Today the Court issued an Order in the *Vanguard* action dismissing the plaintiff's claims and denying the plaintiff's motion for leave to amend his complaint. That Order is attached to this Order.

//
//
//
//
//
//
//
//
//
//
//

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3882 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al. | | |

   The parties shall notify the Court in writing, by not later than **September 4, 2009**, what if any portions of their Motion to Dismiss and Motion for Leave to File a Third Amended Complaint still require a ruling, or whether instead the *Vanguard* Order disposes of all issues in this case.

                                          :

                   Initials of Preparer   se

JS-6         O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    In June 2008, four named plaintiffs filed eight nearly identical putative class actions challenging aspects of the sale of rental car insurance in California. In October 2008, the plaintiffs filed first amended complaints in all eight cases. On January 21, 2009, this Court dismissed Plaintiff Zack Miller's First Amended Complaint in the action against Vanguard Car Rental USA, Inc., et al. ("the *Vanguard* action"), and ordered that he and the other plaintiffs file amended complaints in all eight cases by February 4, 2009. The plaintiffs filed their second amended complaints, and on February 23, 2009 the defendants in seven of the actions filed nearly identical motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Then, on February 26, 2009, the plaintiffs filed motions for leave to file a third amended complaint in all of the cases, seeking to add a third cause of action for breach of the implied covenant of good faith and fair dealing.

    On March 23, 2009, this Court issued an order stating that pursuant to its inherent power to adjudicate civil actions efficiently it would first adjudicate the motion to dismiss filed in the *Vanguard* action. The Court vacated the six other motions to dismiss. The Court also took under submission the motions to file third amended complaints.

    The Court now GRANTS the *Vanguard* Defendants' motion to dismiss the Second Amended Complaint ("SAC"), and dismisses the UCL and declaratory relief claims stated therein with prejudice. Those claims, which are the only claims alleged in the SAC, fail because Plaintiff has failed to establish that he suffered any injury in fact given his recent concession that Defendants charged insurance rates that were in fact approved by the California Insurance Commissioner ("Commissioner"). In addition, the Court DENIES Plaintiff's Motion for Leave to File Third Amended Complaint, because Plaintiff's claim for breach of the covenant of good faith and fair dealing is based on the

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

same faulty premise as Plaintiff's other claims.

## I.   MOTION TO DISMISS

Plaintiff's First Amended Complaint alleged claims under California's Unfair Competition Law, Bus. and Prof. Code §§ 17200, et seq. ("UCL"), California Insurance Code §§ 1861.01, et seq., and the federal Declaratory Judgment Act.  In this Court's January 21, 2009 Order dismissing Plaintiff's First Amended Complaint, the Court dismissed Plaintiff's Insurance Code claim with prejudice because Plaintiff withdrew that claim in his opposition brief.  The Court dismissed Plaintiff's UCL and declaratory judgment claims because Plaintiff failed to allege the particular insurance plan that he purchased, and because he failed to allege that Defendants' conduct caused him to pay more than he would have if Defendants' rates had been approved by the Commissioner.  Plaintiff has now made the required allegations of injury in fact and causation — albeit very conclusorily — but he concedes in his Opposition to the Motion to Dismiss that the rate he paid for coverage was approved by the Commissioner.  Plaintiff has therefore failed to establish any injury in fact that can sustain his UCL and declaratory judgment claims.

### A.   Amended Allegations

Plaintiff alleges in the SAC that in September 2007 he purchased from Defendants an Alamo Protection Plus ("APP") insurance plan.  In their Motion to Dismiss the SAC, Defendants explain that the APP plan includes three items: (1) a supplemental liability insurance product known as "EP"; (2) a "collision damage waiver" of claims that Defendants might have against a renter for damage to a rented vehicle; and (3) an accidental death benefit.[1]  Plaintiff alleges that Defendants neither applied for approval, nor received approval, from the California Insurance Commissioner "for the rates charged for the APP coverage that they underwrote themselves . . . ." SAC ¶¶ 27-28.

---

[1] Defendants rely on a copy of Plaintiff's September 17, 2008 rental agreement.  *See* Piper Decl., Exh. A.  The Court may consider this agreement because the Complaint relies upon it and Plaintiff does not question its authenticity.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

In order to allege causation of an injury-in-fact, Plaintiff now claims that:

> . . . PLAINTIFF and the other members of the Class suffered monetary injury when they purchased insurance coverage from DEFENDANTS and by paying rates, not approved by the Insurance Commissioner, that are excessive under Cal. Ins. Code § 1861.05.  If DEFENDANTS had followed the law, and sold insurance to the PLAINTIFF CLASS at rates complying with Cal. Ins. Code §§ 1861.01 and 1861.05, those rates would have not been excessive under Cal. Ins. Code § 1861.05, and would have been less than the unlawful, excessive rates actually charged.  DEFENDANTS' conduct caused the PLAINTIFF CLASS to pay more than they would have, if DEFENDANTS had followed the law.

SAC ¶ 35; *see also* SAC ¶ 33.[2]

These allegations remain very conclusory.  Moreover, certain undisputed facts discussed below undermine the viability of the claims.

### B. The Collision Damage Waiver and Accidental Death Benefit

As described above, the APP coverage that Plaintiff purchased has three components.  Plaintiff concedes in his opposition brief that two of those components are not subject to rate approval because the collision waiver is not insurance and the death benefit is disability insurance.  The UCL and declaratory judgment claims are therefore dismissed as to those components.

### C. The "MFR" and Excess Coverage

---

[2] This is only a slight improvement over the conclusory allegations in the FAC, which read in relevant part: ". . . PLAINTIFF and other members of the Class suffered monetary injury when they purchased insurance coverage from DEFENDANTS and by paying rates which were not approved by the Insurance Commissioner as is required by law.  Specifically, by their wrongful conduct, DEFENDANTS have collected money from the PLAINTIFF CLASS in excess of that money which they were lawfully and rightfully allowed to collect pursuant to the California Insurance Code."  FAC ¶ 37.

JS-6         O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

That leaves the "EP" product, which itself has two components. First, it provides coverage for the "minimum financial responsibility" ("MFR") limits required by California law, which provides that all owners and drivers of motor vehicles must have insurance for up to $15,000 for the bodily injury or death of one person, $30,000 for the injury or death of two or more persons, and $5,000 for property damage of others. *See* Cal. Veh. Code §§ 16020, 16056. Second, the EP product provides additional, or "excess," coverage up to $1 million. Plaintiff clarifies in his Opposition that the MFR coverage is what he refers to in the SAC as the "primary APP coverage" that is allegedly underwritten by Defendants, and for which Defendants allegedly did not receive approval. The additional coverage is provided by a third party, Ace American Insurance Company ("Ace"). *See* Piper Decl., Exh. A.

Defendants filed with their Motion a certified public record of the Insurance Commissioner's *approval* of the rate charged for the EP plan, dated September 14, 2000. *See* Request for Judicial Notice ("RJN") ¶ 1, Exh. A. The Court takes judicial notice of this record. The record shows that Ace advised the Insurance Commissioner that "Our policy provides coverage in excess of the state minimum required financial responsibility limit which is being provided by the rental company."[3] RJN, Exh. A. at A-5; *see also id.* at A-17, A-34, A-38. Plaintiff does not contend that Defendants charged a rate in excess of the approved Ace rate. In fact, Plaintiff concedes in his opposition brief that "the aggregate that [Defendant] charged for its own and Ace's insurance fell within the rates approved for Ace's product." Opp. at 8:7.

On its face, the undisputed fact that the Commissioner approved the rates charged by Defendants for the EP coverage undermines Plaintiff's claim that the rates he was charged were higher than the maximum rate that would have been imposed if Defendants had separately sought approval of the MFR coverage that they underwrote. *See* SAC ¶ 33 ("If DEFENDANTS had followed the law, and sold insurance to the PLAINTIFF CLASS at approved rates, those rates would have not been excessive . . . ."). In essence, Plaintiff received the excess coverage underwritten by Ace *plus* the MFR coverage underwritten by Defendants for a rate that was *less* than the one approved by the Commissioner for the

---

[3] Defendants state that over six months before they filed the instant motion to dismiss they provided Plaintiff with documents showing that the Commissioner approved Ace's rates for the EP product. Reply at 3 n.2.

JS-6      O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

excess coverage alone. *See generally Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583 (Ct. App. 2008) (no injury in fact alleged where defendant was selling insurance without a license and plaintiff failed to allege that he could have bought the insurance for less if defendant had been licensed); *Hall v. Time Inc.*, 158 Cal. App. 4th 847 (Ct. App. 2008) (no injury in fact alleged when Plaintiff did not claim that he did not want the book he purchased, that the book was unsatisfactory, or that the book was worth less than what he paid for it).

Plaintiff, however, now proposes a theory of liability that is not articulated, or even hinted at, in the SAC. It is worth quoting Plaintiff's new argument:

> Alamo cannot avoid the filing requirements for the insurance that it underwrote simply because the aggregate that it charged for its own and Ace's insurance fell within the rates approved for Ace's product. [Ace] charged less than the maximum for its policy. Alamo cannot take advantage of Ace's lower rates to evade California's rate-approval laws. Alamo . . . conveniently omits any mention of the amount Ace actually charged Alamo for the excess insurance and that Alamo passed through to its customers, and how much Alamo retained for covering the MFR limits. For now, this Court must accept as true Miller's allegations that the amount Alamo retained served as an excessive premium for the MFR coverage.
>
> Alamo is not aided by the protestation that the state approved Ace's rate while knowing that the policy was an excess policy that did not cover MFR limits. . . . The application has no bearing on the rates Alamo charged and collected to cover the MFR limits.

Opp. at 8:6-20. Plaintiff's theory appears to be that although Defendants charged less than the approved rate for the EP plan, they retained some of the revenues from the sale of the EP plan in order to cover their own costs for MFR coverage or profit from that coverage. Plaintiff alleges that the amount Defendants retained exceeded the amount that the Commissioner would have approved had Defendants merely provided MFR coverage on their own. Although Plaintiff does not spell out the final and critical step of his hypothesis, he appears to contend that if Defendants had not been able to keep whatever percentage or amount of the EP fee they did keep, then the total fee charged to consumers for the EP plan would have been less than what was actually charged.

**JS-6**    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

    The bare bones allegations in the SAC do not even come close to setting forth this theory, or explaining why Defendants would have been legally required to charge a lower overall price for the insurance if Defendants had received separate approval to charge a fee for whatever portion of the combined coverage was allocable to the MFR coverage. Moreover, even if the Commissioner had precluded Defendants from retaining some amount of what was paid for insurance, thereby requiring all of the insurance fees to be remitted to Ace, if Defendants had charged the same rate for combined MFR and excess coverage that they charged Plaintiff, Plaintiff would still have no claim under the UCL because the Commissioner already approved that rate for the excess coverage alone. *See generally Walker v. Allstate Indemnity Co.*, 77 Cal. App. 4th 750, 756 (Ct. App. 2000) ("the charging of an approved insurance rate cannot be deemed 'illegal' or 'unfair' for purposes of the Unfair Business Practices Act or, indeed, tortious."). It is inconceivable that the Commissioner would have imposed a maximum price for the excess and MFR coverage lower than the maximum for the excess coverage alone. Plaintiff has therefore failed to show that he suffered any injury in fact as a result of Defendants' conduct.

    For the same reason that Plaintiff fails to allege a viable UCL claim, he fails to allege a case or controversy that can support his claim for a declaratory judgment.

    Plaintiff has twice failed to allege viable claims under the UCL or the Declaratory Judgment Act, and in light of the judicially noticed facts defeating those claims, unless Plaintiff were entitled to have his Motion for Leave to File a Third Amended Complaint granted, the Court would dismiss Plaintiff's claims with prejudice. As the next section shows, Plaintiff is not entitled to amend.

## II.   MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

    Plaintiff moves for leave to file a Third Amended Complaint ("TAC") that adds a third claim for breach of the implied covenant of good faith and fair dealing. The proposed TAC alleges that "Defendants acted in bad faith and breached their duty to Plaintiff and other class members by failing to comply with the rate approval requirements under Cal. Ins. Code §§ 1861.01, *et seq.* knowing that doing so would result in an overcharge of APP insurance coverage." TAC ¶ 50.

    As discussed above, Plaintiff admits judicially noticed facts that establish that

**JS-6**  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3874 AHM (VBKx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. | | |

Plaintiff was not "overcharged" for APP insurance coverage. Because it would therefore be futile for Plaintiff to amend his complaint, the Court denies Plaintiff's motion.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss[4] and DENIES Plaintiff's Motion for Leave to File Third Amended Complaint.[5]  The Court therefore dismisses Plaintiff's claims with prejudice.  The Clerk is ORDERED to close this case.

                                                                                              :
                                                              Initials of Preparer          se

---

[4] Docket No. 35.

[5] Docket No. 40.